UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARRON HOWARD-WEDLOW

        Petitioner,         Case Number: 2:14-CV-13811

v.         HONORABLE SEAN F. COX
        UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

**I. Introduction**

Petitioner Sharron Howard-Wedlow has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner pleaded guilty in Oakland County Circuit Court to first-degree retail fraud, Mich. Comp. Laws § 750.356c, operating a motor vehicle while intoxicated (OWI), Mich. Comp. Laws § 257.625, and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d. She was sentenced as a habitual offender to 3 to 10 years' imprisonment for the retail fraud conviction, 2-1/2 to 7-1/2 years' imprisonment for the OWI conviction, and 2 to 3 years' imprisonment for the resisting and obstructing a police officer conviction.

In her habeas petition, Petitioner argues that the trial court erred in sentencing her because the court failed to consider mitigating evidence or to provide justification for the sentence and that counsel was ineffective in failing to present this evidence. The petition

fails to state a claim upon which habeas relief may be granted. The Court, therefore, denies the petition.

## II. Discussion

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *Id.*, *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Rule 4 permits *sue sponte* dismissal of a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the habeas petition is legally insufficient on its face. The petition will be denied. The Court also denies a certificate of appealability.

### B.

Petitioner was convicted and sentenced in 2013. She filed an application for leave to appeal in the Michigan Court of Appeals raising a sentencing-related claim. The Michigan Court of Appeals denied leave to appeal. *People v. Howard-Wedlow,* No. 319448 (Mich. Ct. App. Feb. 14, 2014). She sought leave to appeal in the Michigan

Supreme Court, which also denied leave to appeal. *People v. Howard-Wedlow*, 496 Mich. 861 (Mich. 2014). She then filed the pending petition. Petitioner argues for habeas relief on the ground that her sentences are unconstitutional because the trial court failed to consider mitigating facts and failed to provide justification for the sentences and that her attorney failed to present mitigating evidence at sentencing.

Generally, a non-capital sentence that falls within statutory limits is not grounds for habeas relief. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (1999). The Supreme Court "has refused to extend the doctrine of individualized sentencing to noncapital cases." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991)). The Constitution does not require a sentencing court to consider mitigating circumstances in non-capital cases. *U.S. v. Levy*, 904 F.2d 1026, 1035 (6th Cir. 1990). *Accord United States v. Walker*, 506 F. App'x 482, 490 (6th Cir. 2012), citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) ("[T]he Eighth Amendment does not require a consideration of a defendant's mitigating factors in a non-capital case."). Accordingly, the trial court's failure to consider mitigating evidence fails to state a federal constitutional claim.

To the extent that Petitioner is also claiming that her sentence violates the Eighth Amendment because it is disproportionate to the offense, this claim is meritless. The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin,* 501 U.S. at 1001 (quoting

*Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003), citing *Harmelin*, 501 U.S. at 999. "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). Petitioner's sentence falls within the statutory maximum; therefore, this Court defers to the decision of the state court. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted).

Petitioner's claim that the trial court failed to articulate reasons for the sentence imposed also does not warrant habeas relief. "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, —, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A trial judge's failure to articulate the reasons for the sentence imposed "is not itself a basis for federal habeas corpus relief." *Koras v. Robinson*, 123 F. App'x 207, 214

4

(6th Cir. 2005). It is, instead, a state law claim. *Id.*

Finally, Petitioner's claim that her counsel was ineffective for not submitting mitigating evidence also fails. She states in her petition that her long and extensive substance abuse history and mental health history were detailed in the Presentence Investigation Report. Therefore, this information was presented to the trial court. The trial court's failure to reduce Petitioner's sentence based upon this evidence is insufficient to render counsel ineffective. *Accord Oliver v. Warren*, No. 10-cv-15145, 2011 WL 111152 (E.D. Mich. Jan. 13, 2011) (summarily dismissing claim that counsel was ineffective in failing to present mitigating evidence). Habeas relief is not warranted.

### III.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be

granted. Therefore, the Court will deny a certificate of appealability.

### IV. Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE and a certificate of a appealability is DENIED.

Dated: October 28, 2014	S/ Sean F. Cox
	Sean F. Cox
	U. S. District Judge

I hereby certify that on October 28, 2014, the foregoing document was served on counsel of record via electronic means and upon Sharon Howard-Wedlow via First Class mail at the address below:

SHARRON HOWARD-WENDLOW
378441
HURON VALLEY COMPLEX - WOMENS
3201 BEMIS ROAD
YPSILANTI, MI 48197

	S/ J. McCoy
	Case Manager